UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | USDC No. 19-cr-00378 (EGS) |
| | ) | |
| Alva Rees,            *defendant*. | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., appointed by this Court under the Criminal Justice Act, submits this memorandum to aid him at his sentencing on May 11, 2021, when he appears before the Court for his sentencing hearing.

1. Defendant entered a plea of guilty by criminal information on December 16, 2019, to the offense of Distribution of Child Pornography,  in violation of 18 U.S.C §2252(a)(2).  It carries a term of five (5) to forty (40) years imprisonment, with a mandatory minimum of fifteen (15) years when the defendant has a prior conviction for a child pornography offense.  Defendant has such a conviction from the State of Florida; a term of at least five (5) years of supervised release, up to life; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C §3571(b)(3); mandatory restitution under  18 U.S.C §3663(A); a special assessment of $100, and an obligation to pay any applicable interest or penalties on fines and restitution not timely made. There are also general and specific restitution requirements, respectively, under 18 U.S.C §3014(a) ($5,000 for any non-indigent person) and §3552 ($3,000 per victim).

2.  The sentencing range under the guidelines for defendant is 188-235 months. Defendant concedes that the calculation of his guideline range, after a two-level credit for acceptance of responsibility under USSG §3E1.1(a) and a third one-level credit under USSG

§3E1.1(b) for for his timely notification of his intention to plead guilty. per his offense level 34 and criminal history category III, is correct.  *See* Plea Agreement, pages 2-3; *see also* Presentence Investigation Report ["DPSR], pages 10 through 19, 22 ¶¶40 through 62, and page 29, ¶123.  The estimated fine range is $35,000 to $350,000 (Id.) . Defendant must pay a special assessment of $100,.  (DPSR, page 31,  ¶139.)

   3.  Defendant has taken responsibility for his conduct from the time of his arrest and appearance in court.  Defendant has executed the "Statement of Offense in Support of Guilty Plea" to indicate his agreement with its allegations.  The DPSR also notes that "During the presentence interview, the defendant agreed with the conduct described in the proposed Statement of Offense."  (DPSR, page 8, ¶24)   To counsel's knowledge, defendant has never failed to comply with the terms of his plea agreement, nor is there evidence that he has obstructed justice in any way. (PSR, page 8, ¶23)

   4.  Defendant has been held without bond since his initial appearance nearly two years ago on June 18, 2019.               \

   5.  .  The Court must consider, under 18 U.S.C. §3553(a) the following factors:

(a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider - (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the

defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….

5.  Defendant has tried to use productively as much as possible.  During his time of detention, he has (a)  taken a completed a course given by Georgetown College, Georgetown University, "Introduction to Mathematical Models & Statistics (with Algebra Review0, a non-credit course through GU's Prisons and Justice initiative; (b) participated in the "Lead Up" program given by Amy Lopez, Ph.D., which is designed to help inmates improve themselves during incarceration through education and goal-setting; (c) obtained recognition by the American Hotel & Lodging Assn. as a Certified Guest Service Professional, (d) taken and passed a course, "Money Essentials," presented by Essential Education; (e) completed "Connected to Business Curriculum," a course by C-Tech; and recognized by the Georgetown University Prison Scholars at the D.C. Jail with a "Certificate of Achievement," for having completed three (3) courses during the Fall 2019 semester.

6.  Defendant has also reflected and tried to understand the reasons for his criminal conduct, how and why it began, then how and why  it recurred.  It has cost him dearly in personal terms.  He and his wife, Emily, have been married since 2015.  They have three children, a four yeast-old boy and fraternal twins, a boy and girl.  It is apparent from Mrs. Rees frequent and considerable contact with counsel that she has been steadfast in her support of her husband, even though his arrest and detention has ruptured their relationship.  It is obvious to the defendant and Mrs. Rees both that the two of them will be physically separated for years to come, and that their children will not know their father in their formative years.

7. .  Defendant submits that the mandatory minimum term 180 months would serve the purposes of sentencing as established by §3553 .  Indeed, both the government, in its Sentencing Memorandum, and the U.S. Probation Office, have recommended such a sentence, which would represent an eight (8) month variance from the low end of the sentencing range.  No variance if fact could be any lower and would reflect an appropriate application of the statutory sentencing factors.  Such a sentence would also not *disserve* the deterrent purposes--both for defendant himself and of others--of the statute.   Defendant requests lastly that the Court not impose a fine as he does not have the means to pay.  (DPSR, page 28,  ¶120)

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Nicholas G. Miranda, Esq., assistant U.S. Attorney for the District of Columbia, this 30th day of April, 2021.

/s/

_____
*Nathan I. Silver, II*